JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 21 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE OLYMPIA BREWING COMPANY )
ANTITRUST LITIGATION )         DOCKET NO. 242

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL*, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

On February 28, 1975, Olympia Brewing Company acquired essentially all the assets of Theodore Hamm Company. Soon after this acquisition, Olympia began a large-scale cancellation program of many of the distribution contracts that Hamm previously had made with various independent distributors. Nearly 250 Hamm distributors were terminated in the process and replaced by Olympia-owned distributors and former Hamm distributors. In addition, Olympia completely discontinued distribution of Hamm brands in the Southeastern United States.

Many of the Hamm distributors that Olympia did not elect to appoint as distributors of "Hamm's" and other beer brands subsequently initiated several actions against Olympia

---

* Judge Weigel was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

or Hamm or both alleging illegal conduct in connection with the acquisition and plaintiffs' terminations. As a result, 55 actions are presently pending in four federal districts: 52 in the District of Minnesota; and one each in the Western District of Washington, the Southern District of California and the District of South Carolina.

The Washington action and some or all of the Minnesota actions contain allegations under Sections 1 and 2 of the Sherman Act, Section 7 of the Clayton Act, and various state statutes, together with claims for breach of contract. Some Minnesota plaintiffs include alleged violations of Sections 2 and 3 of the Clayton Act as well as tortious interference with contractual relationships. Both Olympia and Hamm are defendants in all the Minnesota and Washington actions. Although the Washington plaintiffs and some of the Minnesota plaintiffs did not request injunctive relief, many of the Minnesota plaintiffs did seek such relief and currently are distributing Hamm's beer pursuant to temporary injunctions entered by the district court. The Court of Appeals for the Eighth Circuit has upheld the injunctions as they apply to Olympia, vacated them as they related to Hamm, and stated that the district court is to determine these actions on the merits "with all convenient speed."

The Minnesota actions have been consolidated for pretrial purposes, and the parties agree that substantial discovery has taken place therein. They represent that Olympia and Hamm have produced thousands of documents, which have been copied by plaintiffs and are currently being computerized in Minnesota; and that both plaintiffs and defendants have responded to numerous interrogatories. Defendants have only recently begun their document discovery, however; and few, if any, depositions have been taken. Little or no discovery apparently has occurred in the Washington actions.

The California action was commenced only against Olympia by two former Hamm distributors who were also directors and shareholders of Hamm at the time of its acquisition by Olympia. The complaint originally sought recovery for Olympia's alleged violation of Section 2 of the Sherman Act and Section 7 of the Clayton Act, as well as for fraud and breach of contract. The court has denied plaintiffs' requests for a preliminary injunction, and has granted a partial summary judgment dismissing the contract claim and the Section 7, Clayton Act allegations. The court certified the dismissal of the Clayton Act claim for appeal pursuant to 28 U.S.C. §1292(b), and this issue presently is before the Court of Appeals for the Ninth Circuit. Thus, only the Sherman Act and fraud counts remain at issue in the district court.

The action pending in the District of South Carolina originally was brought against both Hamm and Olympia as a class action on behalf of all former South Carolina Hamm distributors who were not appointed as distributors by Olympia when it decided to forego marketing Hamm's beer in the Southeast. This action alleged that: (1) Hamm and Olympia fraudulently induced plaintiffs to contract and expend funds and efforts to distribute Hamm's beer; (2) defendants conspired for their own gain in reckless disregard of plaintiffs' interests; and (3) Olympia wrongfully induced Hamm to breach its contracts with plaintiffs. Unlike the other actions in this litigation, the complaint does not allege violations of federal antitrust laws. The South Carolina court recently dismissed all claims against Olympia for lack of in personam jurisdiction, leaving Hamm as the sole defendant.

Pursuant to 28 U.S.C. §1407(c)(i), the Panel issued an order to show cause why the actions in this litigation should not be transferred to a single district for coordinated or consolidated pretrial proceedings. Plaintiffs in the California and South Carolina actions favor transfer to Minnesota; the California plaintiffs state that the Western District of Washington also would be a suitable transferee

forum. Defendant Hamm favors transfer of only the Washington action to the District of Minnesota. Plaintiffs in 22 of the 52 Minnesota actions agree that only the Washington action should be transferred to Minnesota, but they argue that transfer should be solely for coordinated pretrial proceedings under Section 1407. Defendant Olympia and plaintiffs in the Washington action and 30 of the Minnesota actions oppose any Section 1407 transfer in this litigation; should the Panel order transfer, however, the former plaintiffs favor the Western District of Washington as the appropriate transferee district, while the latter plaintiffs suggest the District of Minnesota.

We find that the actions pending in the District of Minnesota and the Western District of Washington share common questions of fact and that transfer of the Washington action to the District of Minnesota for coordinated or consolidated pretrial proceedings pursuant to Section 1407 with the actions pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We also find that transfer of the actions pending in the Southern District of California and the District of South Carolina will not, on balance, serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation and, accordingly, we deny their transfer.

I. <u>The Washington and Minnesota Actions</u>

All parties generally agree that the Minnesota and Washington actions share common questions of fact relating to defendants' conduct and intentions in the acquisition of Hamm's assets. Nevertheless, the Washington plaintiffs assert that individual factual questions predominate since the actions involve disparate geographic beer markets. The Washington plaintiffs as well as the other parties opposed to transfer of the Washington action to Minnesota contend that because discovery is far more advanced in Minnesota than in Washington, transfer would serve only to delay the pretrial proceedings in Minnesota until discovery in the Washington action is brought to a comparable point. This delay, it is argued, would frustrate the mandate of the Eighth Circuit that the Minnesota actions be brought to trial "with all convenient speed." Moreover, these parties state that counsel already have been successful in voluntarily coordinating discovery in this litigation, and they contend that any possibility of duplicative discovery can be avoided by continued cooperation among counsel.

We are persuaded that the Minnesota and Washington actions share significant common questions of fact concerning, <u>inter alia</u>, defendants' conduct and intentions pertaining to

the acquisition of Hamm's assets, which obviously is the fountainhead of this litigation, and that these common questions predominate over any unique factual issues relating to different geographic product markets. We are not persuaded, however, that transfer of the Washington action to the District of Minnesota for coordinated or consolidated pretrial proceedings will delay the processing of the actions already pending in that forum. To the contrary, we see no reason why the ongoing discovery cannot continue expeditiously while at the same time the Washington plaintiffs harmoniously blend their pretrial preparation into that of the Minnesota plaintiffs to the overall benefit of everyone concerned. Indeed, we note that counsel representing 23 California distributors stated during oral argument that although the actions on behalf of these plaintiffs were filed in Minnesota relatively late, they had no trouble catching-up with the previously completed discovery. Transcript at 18-19. The transferee judge, moreover, may enter appropriate orders making all discovery already taken in the Minnesota actions available to the Washington plaintiffs, thereby avoiding unnecessary duplication and inconvenience. See In re Koratron Patent Litigation, 327 F. Supp. 559, 560 (J.P.M.L. 1971); Manual for Complex Litigation, Parts I and II,

§§3.11 (rev. ed. 1973). And while we laud the spirit of cooperation exhibited by counsel in this litigation, assigning these actions to a single judge will ensure the avoidance of duplicative discovery and concomitantly serve the desired goal of conserving judicial effort. The precise manner and extent of coordination or consolidation among these actions is, of course, left entirely to the discretion of the transferee judge. See In re Equity Funding Corporation of America Litigation, 375 F. Supp. 1378, 1384 (J.P.M.L. 1974).

II. The California Action

Most parties are opposed to inclusion of the California action in Section 1407 proceedings because it apparently is in the final stages of pretrial preparation, and because a significant portion of that action -- the Section 7, Clayton Act claim -- is currently before the Court of Appeals for the Ninth Circuit. Some parties also argue that since the California plaintiffs are former shareholders and directors of Hamm, their action is substantially different from the other actions in this litigation. The California plaintiffs, on the other hand, contend that the two counts remaining in this action before the district court raise factual issues common to the rest of the actions and therefore transfer is

appropriate in order to avoid duplication of discovery. Plaintiffs add that if dismissal of the Clayton Act claim is reversed on appeal, additional commonality will arise.

We were advised by counsel for Olympia during oral argument that one plaintiff had dismissed the remaining two counts on the day before the Panel hearing and that the other individual plaintiff stated before the California court that if he failed on appeal, he would abandon his case. Transcript at 14. On the basis of the record before us, we have no reason to doubt these assertions. Thus, in balancing all the contentions of the parties, we believe that this action in its present posture may well be approaching its final stages and, as a result, it should not be included in the transfer we are herewith ordering.

### III. The South Carolina Action

The South Carolina plaintiffs maintain that even though their action does not involve antitrust allegations, it should be embraced in the Section 1407 proceedings because many of the underlying factual issues are common with the other actions. All remaining parties who mention the South Carolina action, however, argue that this action should not be

transferred because its factual allegations are different from those involved in the remainder of this litigation.

Upon close analysis of the complaint in the South Carolina action in relation to those in the other actions, we believe that the South Carolina action is substantially distinct to such a degree that the just and efficient conduct of this action as well as the litigation taken as a whole can best be achieved by leaving the former alone. Unlike the rest of the actions in this litigation, the South Carolina action focuses on defendant Hamm's conduct in connection with the fact that Hamm had undertaken expansion into South Carolina relatively recently and after the acquisition Olympia decided to discontinue that expansion.

IV. The Transferee Forum

Although the Western District of Washington has been suggested as the transferee forum for this litigation, the District of Minnesota is clearly the most appropriate choice. The vast majority of the actions are already pending there. Pretrial proceedings in the actions in that district are moving along in a coordinated fashion and are further advanced than those in the Washington action. And in addition, most parties agree on Minnesota's preferability.

IT IS THEREFORE ORDERED that the action listed on the following Schedule A and pending in the Western District of Washington be, and the same hereby is, transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Charles R. Weiner, sitting by designation under 28 U.S.C. §292(d), for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions already pending there and listed on Schedule A.

IT IS FURTHER ORDERED that transfer of the actions listed on Schedule A and pending in the Southern District of California and the District of South Carolina be, and the same hereby is, DENIED, without prejudice to the right of any party to seek reconsideration at a later time if it feels future circumstances so warrant.

## SCHEDULE A

### WESTERN DISTRICT OF WASHINGTON

August Distributing Co., Inc., et al. v. Olympia Brewing Co., et al., C.A. No. C75-372S

### DISTRICT OF SOUTH CAROLINA

Martschink Beer Distributors, Inc., etc. v. Theodore Hamm Co., et al., C.A. No. 75-1713

### SOUTHERN DISTRICT OF CALIFORNIA

John Lenore & Co., et al. v. Olympia Brewing Co. C.A. No. 75-0233-T

### DISTRICT OF MINNESOTA

Stewart J. Nephew v. Theodore Hamm Co., et al. C.A. No. 5-75-62

Douglas R. Zilz v. Theodore Hamm Co., et al. C.A. No. 5-75-125

J. A. Dady, etc. v. Olympia Brewing Co., et al. C.A. No. 4-75-200

Lammers Beverage Co. v. Olympia Brewing Co., et al. C.A. No. 4-75-279

Doyle's Interstate Beverage Co. v. Olympia Brewing Co., et al., C.A. No. 4-75-280

Sojourn Inc. v. Olympia Brewing Co., et al. C.A. No. 4-75-292

Gilbert Baumeister v. Olympia Brewing Co., et al. C.A. No. 4-75-293

Don Kerr, Inc. v. Olympia Brewing Co., et al. C.A. No. 4-75-294

Pritzl Beverage Inc. v. Olympia Brewing Co., et al. C.A. No. 4-75-295

Decker Distributing, Inc. v. Olympia Brewing Co., et al., C.A. No. 4-75-296

Ament & Sons, Inc. v. Olympia Brewing Co., et al. C.A. No. 4-75-297

Jerry O'Connell Dist., Inc. v. Olympia Brewing Co., et al., C.A. No. 4-75-298

## DISTRICT OF MINNESOTA (CONT.)

Geo. Walter Dist. Ltd. v. Olympia Brewing Co., et al.
C.A. No. 4-75-299

Raphael J. Bowar v. Olympia Brewing Co.
C.A. No. 4-75-300

Lind Distributing Co., Inc. v. Olympia Brewing Co.,
et al., C.A. No. 4-75-301

Hamm's Rochester Distributing Co., Inc., et al. v.
Olympia Brewing Co., et al., C.A. No. 4-75-306

S&S Distributors, Inc. v. Olympia Brewing Co., et al.
C.A. No. 4-75-309

Lee Hess & Sons, Inc. v. Olympia Brewing Co., et al.
C.A. No. 4-75-326

Hamm Brew Sales Co. v. Olympia Brewing Co., et al.
C.A. No. 4-75-327

Krumrei Beverage Distributing Co. v. Olympia Brewing Co.,
et al., C.A. No. 4-75-338

East Town Distributors Co. v. Olympia Brewing Co., et al.
C.A. No. 4-75-339

Schwan Wholesale Co., Inc. v. Olympia Brewing Co., et al.
C.A. No. 4-75-340

Johnston's Inc. v. Olympia Brewing Co., et al.
C.A. No. 4-75-341

H&H Distributing Co. v. Olympia Brewing Co., et al.
C.A. No. 4-75-342

Russ Maita Distributors, Inc. v. Olympia Brewing Co.,
et al., C.A. No. 4-75-389

Union Beverage, Inc. v. Olympia Brewing Co., et al.
C.A. No. 4-75-390

Berutti Distributing Co., Inc. v. Olympia Brewing Co.,
et al., C.A.No. 4-75-391

Ray Distributing Co. v. Olympia Brewing Co., et al.
C.A. No. 4-75-392

Magnani Distributing Co. v. Olympia Brewing Co., et al.
C.A. No. 4-75-393

## DISTRICT OF MINNESOTA (CONT.)

Loren Rausser v. Olympia Brewing Co., et al.
   C.A. No. 4-75-394

H & H Distributing Co. v. Olympia Brewing Co., et al.
   C.A. No. 4-75-395

R&S Distributing Co. v. Olympia Bresing Co., et al.
   C.A. No. 4-75-396

Pasadena Beverage Corp. v. Olympia Brewing Co., et al.
   C.A. No. 4-75-397

Clark Miller Distributing Inc. v. Olympia Brewing Co.,
   et al., C.A. No. 4-75-398

Eagle Distributing Co., Inc. v. Olympia Brewing Co.,
   et al., C.A. No. 4-75-399

Redding Beverage Corp. v. Olympia Brewing Co., et al.
   C.A. No. 4-75-400

United Beverage Distributors v. Olympia Brewing Co.,
   et al., C.A. No. 4-75-401

H&M Distributing Co. v. Olympia Brewing Co., et al.
   C.A. No. 4-75-401

H&M Distributing Co. v. Olympia Brewing Co., et al.
   C.A. No. 4-75-402

Inaccas, Inc. v. Olympia Brewing Co., et al.,
   C.A. No. 4-75-403

Medoncino Distributing Co. v. Olympia Brewing Co.,
   et al., C. A. No. 4-75-404

Bottomley Distributing Co., Inc. v. Olympia Brewing
   Co., et al., C.A. No. 4-75-405

Gate City Beverage Distributors, Inc. v. Olympia
   Brewing Co., et al., C.A. No. 4-75-406

Rex Distributing Co. v. Olympia Brewing Co.,
   et al., C.A. No. 4-75-407

## DISTRICT OF MINNESOTA (CONT.)

Mountain Distributing Co. v. Olympia Brewing Co.,
et al., C.A. No. 4-75-408

Consolidated Beverage Distributors v. Olympia Brewing
Co., et al., C.A. No. 4-75-409

Bert G. Gianelli Distributing Co. v. Olympia Brewing
Co., et al., C.A. No. 4-75-410

Starr Brothers, Inc. v. Olympia Brewing Co., et al.
C.A. No. 4-75-572

R&M Distributing Co. v. Olympia Brewing Co., et al.
C.A. No. 4-75-573

Mark Twain Beverage Co., Inc. v. Olympia Brewing Co., et al.
C.A. No. 4-75-574

Frank Lassandro v. Olympia Brewing Co., et al.
C.A. No. 4-75-575

Gorski Distributors, Inc. v. Olympia Brewing Co., et al.
C.A. No. 4-75-576

Astro Beverage Corp. v. Olympia Brewing Co., et al.
C.A. No. 4-75-411

Needham Distributing Co., Inc. etc. v. Olympia Brewing
Co., et al., C.A. No. 4-75-285